Good morning, your honors. I'd like to reserve two minutes for rebuttal. May it please the court, Gordon Yang here on behalf of petitioners Jorge Cruz Ramirez and his wife Felicitas Lopez Zuniga. Two of their daughters, two of their eldest US citizens are here in the court as well, but their youngest, Eurydia, is not. She's in school today and really this case is about the due process rights owed to my client seated before you and also their third daughter who is in school today. This case really is about due process in two ways. First, the immigration judge erred in discrediting their expert witness evidence in evaluating whether any one of their three US citizen daughters would experience exceptional and extremely unusual hardship warranting cancellation of removal and lawful permanent resident status for their two parents. Isn't that a discretionary determination by the Attorney General over which we do not have jurisdiction to review? No, your honor, it is not a discretionary determination. You're saying he found extreme hardship and you're asking us to overturn it. On what ground can we overturn it? It is a evaluation calling for an examination of whether exceptional and extremely unusual hardship exists is mandated by the statute, but more than that. And committed to the discretion of the Attorney General. Yes, at least under our case law. To me it does never make a lot of sense, but that's what we say. We say that the determination of extreme exceptional and unusual hardship is a discretionary decision. Let me try to make a distinction. Can we back up a minute? You have a problem here, which seems to be supervening before we ever get to any of this. If I could, your honor, just to continue for one minute more on the hardship issue, then I will come to the jurisdictional issues. I do understand that they're very important. If we don't have jurisdiction, then you're wasting your time on the merits. So I'd like to hear your answer to Judge Brisson's question on jurisdiction. Okay, thank you, your honor. Three petitions were filed in this case. One over the opinion, one over the denial of the motion to reopen, etc. And also a petition for writ of habeas corpus. All right, and the habeas corpus was after Real ID and too late as a petition for review, so it's no good. And the and the petition for the first one was too late filed, so basically we're talking about the third one. The third one and the motion to reopen is the important one, is it not? Because if you win on that, then you get a new order, then we can start over again. It seems clear, your honor, that the petition in the third case over the motion to reopen has been timely filed. I don't think there's any... Yes, that's the timely file. So therefore, the question is essentially the merits of that, which is the the request essentially that they reopen and reissue because you didn't get the order in time. That's correct. I think ultimately the substantive issues are the same in all three cases, but I would like the court to take... I'm sorry, I don't understand that because the question, so it seems to me that the key question right now is should, on what basis are you arguing that the BIA was incorrect in denying your motion to reopen as to the question of whether you got timely notice of whether it matters whether you got timely notice of the original order? Isn't that the the main question before us at this point? Because then everything unravels backwards after that. I mean, if you win on that, then you go back, you have a new order, you file a new petition for review, you at least have a possibility of voluntary departure, etc. There are several different ways in which the motion to reopen addresses these issues. First of all, the BIA denied the motion to reopen because they said it was out of time. However, an exception to that rule exists under the regulations at 8 CFR 1003.2. It specifically references an exception under 8 CFR 1023. I'm sorry, I can't... You're not going to talk about the four zeros at the end of the zip code? Is that what you're going to talk about? That's leading into it, but really there is an exception under the regulation that says if a person did not receive notice. Yes, and essentially this isn't an absentia hearing because my clients were not standing before the court, there was no oral... The records show the notice was mailed. Yes. It was mailed to the last known address except for the final four zeros rather than that specific four-digit zip code that sometimes is used, and you're contending that it was the agency's failure or the agency putting in those four zeros caused that document to be mis-mailed. Is that your argument? That is one of our arguments, thank you, Your Honor, that the BIA mis-addressed, they incorrectly addressed the notice of the decision until May 5 when he was taken into custody. Well, that's what they say, but the issue is how do we test the sufficiency of the mailing and the records of the agency? The agency shows that they have a practice of mailing their notices addressed as this form is addressed, and I think that's in the effect the four zeros would have when you add that to the address. There's nothing in the record per se, Your Honor. What does the record show about the mailing? Does it just have a cover sheet? Does it have an envelope? Does it have any attestation from the agency that this is how they mail things? Does it have anything but a cover letter? There is a cover sheet in which prior counsel's address is stated with the incorrect zip code provided. And is that it? Is there anything else from the agency? No, not to my knowledge, Your Honor, other than their statement that they mailed it to the last known address. That's what I'm asking, in what form is the statement? Is there a declaration? Is there evidence? There's a cover letter, Your Honor. It's a cover letter. It's a cover letter, that's it. It's a notice of decision and right underneath that is the... But there's no actual declaration from anybody in the agency that they mailed this cover letter or that says we usually, you know, we have a system to make sure we mail this cover letter or anything like that. I would like to double check the decision, Your Honor. It might actually say so in the decision itself that it was mailed as addressed to prior counsel's address as stated in their notice of... Well, the decision doesn't say that. The BIA decision says a review of the record indicates the board's order was mailed, but the question is on what basis does the BIA record say that, opinion say that? I would have to double check the decision itself, but I recall somewhere it's saying that the decision is mailed to the address provided to the BIA by the... It does say that, but I'm asking what in the record substantiates that it was mailed as opposed to that somebody put together a cover letter. Yes. Yes. Also in addition to the... Did you contact the post office to see what the effect of adding the last four digits of 000 in lieu of whatever the correct digits would be would have on the deliverability of that piece of mail? I did not speak with them directly. I looked at an article posted on their website. It says don't do it. It's a bad thing, but does it say it's undeliverable or won't be delivered? It said basically the information that I saw said that it's not a good practice. It's not a proper practice. I'm sorry. Is that in the record? That's not in the record, but it's in my brief. But that's a representation that you're making in response to my question. It's in my brief, but it's not in the record below. This is an issue raised on appeal. So wouldn't it be incumbent upon you in moving to reopen to submit that in the form of a declaration? It would be even better to get something from the post office saying that if you do it this way, we might not be able to properly deliver the letter. I'm sorry. That wasn't done, Your Honor. There was a time crunch at the time. I'm trying to embarrass you. What I'm really asking you as a matter of law is what's your burden? How much do you have to show in order to demonstrate an abuse of discretion by the board in denying your motion to reopen on this matter? We have satisfied our burden of proof, Your Honor, under SALT of the INS. Actually, all it says in the thing that you quote is that if you put these extra letters in, it will result in a loss of postage expense. It doesn't say it will get in the way of delivering anything. That's correct, Your Honor, but it says that it's not a proper form of address. It seems counterintuitive to me that anybody's going to be confused by a bunch of zeros at the end of a zip code. That's true, Your Honor, but like in the Third Circuit case, I believe the address there merely left the name of the law firm, and yet the circuit overturned the decision below saying that it wasn't properly addressed. But quite aside from any improper address, you have a declaration that neither you nor your client received it, right? You've signed a declaration under penalty of perjury saying that, have you? The prior attorney. The prior attorney, right. Yes, Your Honor. And the agency has come back with no further proof of mailing other than a cover sheet. Yes, Your Honor. I believe I'm out of time. Thank you very much. And I'd like to reserve my time. Thank you. Thank you very much. Good morning. May it please the Court? Jan Redfern for the Respondent. Your Honors, of the three consolidated cases before this Court today, the Court has jurisdiction only over the petition for review challenging the Board's denial of the motion to reopen. So if there are no questions about the first two petitions for review, I'd like to turn to the motion to reopen. The only decision for which petition or timely petition for review is the Board's denial of the motion to reopen. It's undisputed that the motion to reopen was untimely. So I'd like to turn to the petitioner's claims that there were exceptions to the time for filing a motion. Let me just clarify one thing first. What would be the consequence of the reopening? In your view, I gather, it would not change the reviewability of the order anyway, really, because you'd say we lack jurisdiction not only because of the lack of timeliness, but also because even if it were timely, we would still lack jurisdiction because it's a review of a discretionary order. That's correct, Your Honor, yes. But it would still make a difference, I think, perhaps, with regard to voluntary departure. Yes, Your Honor. The petitioners did have voluntary departure, and because they failed a timely petition for review of a Board decision, that voluntary departure is false. And they say the reason they didn't depart is because they didn't know they were supposed to because they never got the order. That's correct. So that's really what we're ultimately talking about here, is that right? That's right, yes. Okay. Yes, Your Honor. Now, to succeed on the motion to petition for review of the motion to reopen, the petitioners must demonstrate that the Board failed to comply with the regulations by either not mailing the decision at all, which they claim to the Board, or what they're saying now is that the Board mailed that to the wrong address. Well, first of all, the petitioners claim that there's an exception to the time limitation existed is incorrect, as noted in the government's brief. They're applying or attempting to apply the statute and regulations for in absentia orders, which this court in seeing recognizes the huge difference. But if the thing was not, in fact, mailed, I mean, the case law is that the time runs from the mailing, so if it wasn't, in fact, mailed, then they'd be entitled to relief. That's correct, Your Honor. But in this case, the evidence, as you pointed out earlier, the evidence of mailing is the Board's transmittal letter. Okay. By any ordinary standards, i.e., the standards that would be applied under the mailbox rule in an ordinary civil case, that wouldn't do it because that's not evidence of mailing. It's evidence that a cover letter was prepared, but it's not evidence that it was ever put into the mail. Well, to the contrary, Your Honor. I believe this court in seeing held that the transmittal letter is evidence of mailing. Well, that's true, but that's pending on re-hearing. Yes, and that's pending on re-hearing right now. And it doesn't have, I don't know about that, Your Honor. Yes, it is. I'm unaware of that. It is. But as existing right now, the law in this circuit is that the transmittal letter is evidence of mailing, and absent any rebuttal or presumption. All right, but that case is pending on re-hearing, so I'd like to hear an argument about it without, have an issue about why that's correct. Why the transmittal letter is evidence of mailing? Right. Because the board, in order to comply with its regulations, merely has to demonstrate that it mailed the letter, the decision to the petitioner at the correct address. And in this case, the transmittal letter is evidence of mailing because the board doesn't normally put in a return address or an envelope. All right, but here we have a direct refutation of the mailing, which is we didn't get it under penalty of perjury. So at that point, don't you have more of a burden to demonstrate that it was, in fact, mailed? Well, under SALTA, if it's an in absentia case, under SALTA, the government has to. I understand that. I'm just asking, ordinarily, under the mailbox rule, if the issue is whether something was received or not, which is a slightly different issue, there has to be evidence of actual mailing. I put it in the mail. Sometimes that can be satisfied by evidence of a system for mailing. All right. But we have neither here. We have neither a declaration by anybody that I put it in the mail nor a declaration about how mailing occurs in the INS. We have a cover letter. It is perfectly possible, and I can tell you what has happened in this court recently, that there is a documentation of something having been mailed, and it wasn't mailed. So once somebody comes in and says, I didn't get it, don't you have some further obligation to prove mailing? Well, under the regulations, no, Your Honor. The regulations do not address this question, as I understand it. They don't address the evidentiary question of what makes it a mailing. I believe the regulations state that the board's transmittal letter or the board's mailing of the decision to petition counsel Mailing, yes. Transmittal letter, no. The regulations do not address the transmittal letter as conclusive evidence of mailing. That's what you're arguing. You're arguing the transmittal letter is conclusive evidence of mailing, even in the face of a declaration that it wasn't received. And again, the government would rely on this, and I realize that you're saying it's under rehearing at this point, but the government relies on the court's analysis in saying that the transmittal letter is evidence of mailing. Okay. Ms. Redford, let me ask you a practical question. What would the government be able to prove if we said to you the law now is that if a petitioner files a declaration swearing under penalty of perjury that I never got it, what would the agency be able to do by way of countervailing evidence beyond simply pointing to the regulation and the transmittal letter in its file? What additional proof could you offer? I couldn't answer that at this point because there's nothing in the record, and I don't know whatever. That's not my question. But I understand, Your Honor. You understand how the agency works. Yes, Your Honor. So tell me what you would prove in response to it. What would you try and get? I couldn't tell you what other evidence is available because the board. Well, let me suggest an answer to you because I can't think of anything else, and that would be the best the agency could do would be to call a witness from the agency who would come in and testify to what our standard mailing practices are in conformance with our regulation. And beyond that, I can't tell you in this particular case whether or not this piece of mail actually went out. I have to assume that it did because we didn't give it back. And there is a presumption of regularity with the mail that the address, that mail that's properly addressed will be delivered. But we have no – this is what's frustrating. You don't have an envelope, right? Correct. You don't have – so you don't have – and you don't have a – so you do not in fact have evidence of mailing. You have evidence of preparation of a cover sheet. And that is the same in every court that the board sends a decision to, that there's a timely petition for review filed within that because there's a presumption of regularity that that transmittal letter indicates the decision went out on the same day that it occurred. Okay, and that presumption has now been rebutted. Somebody has issued a – has put in a declaration that they didn't get it. So then what? And the legal presumption – Don't you at least have to have a hearing and make a factual determination at that point? And the court has held that the affidavits of non-receipt are not legally sufficient to overcome the factual evidence that the board mailed that decision. But the question I was posing to you is that even if we did have a hearing, there's nothing more you would be able to show other than what I just articulated. But I couldn't answer that because I don't know what the board has. Perhaps the board does have in its possession a copy of an envelope. I don't think that's the case because I don't think they make copies of postmarked envelopes that have already been mailed. I don't see how they could do that. Aren't we kind of back to the problem that initially led Congress to change the rule? The simple way to solve the concern here would be to require the agency to go back to certified mail. But I presume for budgetary reasons, Congress decided that it was too expensive to do that every time the BIA mailed something out. So now we have this rule. Well, I believe that could be a problem is the budgetary concerns as well as there are still problems with certified mail. If you send certified mail to an alien's address or record and they refuse to sign for it, they don't go pick it up. Someone signs for it who's not authorized. So there are still problems. It's not overcome with certified mail. I believe that Congress reviewed that when determining that certified mail was inadequate. But at least a certified return receipt would give the government a piece of evidence that you could submit at a contested hearing saying, well, we got the green card back and it shows that somebody signed for this thing. But there still could be other problems when they don't sign for it and someone signs for it. I believe there's case law. Someone signed for it who is not authorized to sign for it. And so when the Board has these voluminous numbers of decisions to mail out, certified mail may not be the answer. I'd like to briefly in my time remaining just address the belated claim that the petitioner did not receive the decision because it was mailed to the incorrect address because of the zip code plus four numbers. That issue was never raised to the Board, so the petitioner has failed to exhaust that argument. He didn't raise it in his opening brief, so there's a waiver of that. But beyond that, he's relying on a Michigan State guideline that says that using the numbers may result in loss of postage discounts, not that it's undeliverable. There's also evidence in the record that the petitioner's – For postage discounts, meaning for bulk mail? I believe so, yes. That's all that I could claim. It doesn't really report what the petitioner's name says. That's correct. And there's also evidence in the record that petitioner's counsel did receive, using that same address, did receive the filing receipt for the Board's appeal and the Board's briefing schedule and filed a briefing compliance with that. So that address was used at least on two occasions by the Board, and the petitioner does not complain that they did not receive other items by the Board. So that further supports the presumption of delivery. If there are no further questions, I see my time is up. The government would respectfully request the court to deny the petition for review. Thank you very much. Good argument, Ms. Redfern. You know what you're talking about. So do you, Mr. Yang. Thank you, John. Pretty good case to argue. I appreciate that. What this case is now coming down to, in part, is really the cost of postage versus the cost to my client's lives. But that's a determination that Congress made, Mr. Yang. I mean, we used to do it in a way that would have made it more definitive as to whether they received notice, but Congress told the agency don't use certified mail anymore. And what you're really asking us to do is to declare as a matter of law that the agency has to use something besides the current practice. Well, I think the court is right in that after my client submitted the declarations of themself and their client, the burden has shifted to the government to show by some way that it was mailed. And under the case of the circuit. Well, the court is right if you don't rely on our questionable decision in Singh, right? Because that argument didn't carry the day with our decision in Singh. I'm talking about INS V. Salta, the case above. No, no, I'm talking about Singh v. Gonzales, the case that was going to be reviewed. Are you familiar with that decision? I'm familiar with it, but I'm not able. Well, basically what it says is that simply putting declarations in to contest the receipt is not good enough, that you've got to come up with something more. Well, here there is something more, Your Honor. And what is that? And that would be the fact that the address is not exactly addressed as provided. I honestly don't think that's, I mean, a very good argument. I can't believe there's any postal worker in the world who's seeing 0000 and wouldn't say, okay, let's forget about those zeros and just deliver it. And that isn't what the thing that you introduced says. But what else could my clients provide? Well, that's a different question. That's a different question, and you're right about that. What else could they provide other than I didn't get it? And they don't know why they didn't get it. And they've really done all that they could. And the fact that the mail was delivered in two other instances does not prove definitively that they received the most important piece of paper, which was the decision, which started the whole clock. And in my time remaining, I'd also like to discuss Judge Tallman's concern as to whether this is a discretionary or nondiscretionary function. And really quickly to say, in addition to my prior argument, the judge, the IJ, has to follow the law. That is not discretionary. And she has to follow the law. Mr. Yang, what you're really arguing is you're trying to couch an attack on the finding that there was no extreme hardship in the due process argument. No, I'm not. Our case law says you can't do that. No, I have another case where the distinction is relevant. It's currently on rehearing before this court. Where it's important, there's prior case law stemming from rules, the transitional rules, which I think this panel, or not this panel, sorry, this court has promulgated decisions stating that couching a due process argument where it's really an abuse of discretion argument doesn't work. Here, this is a case originating under the permanent rules. And the law is different as far as what jurisdiction, how jurisdiction is established. And it's clear that the immigration judge does not have the discretion to disregard the law, and the law tells her how to weigh different forms of evidence. I'm not asking the Court to say that hardship exists. That is proper for the immigration judge to determine. But we are asking for a review of how she got there. All right. Thank you very much, Mr. Yang. In fact, both of you would be our useful argument. The case of Cruz-Ramirez v. Gonzalez is submitted, and we will go to Inouye v. Canada. Thank you.
judges: Thompson, Berzon, Tallman